IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTHA CRUZ<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:16-CV-072 |
| | § | |
| TEXAS HEALTH AND HUMAN<br>SERVICES COMMISSION<br>*Defendant*, | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

**I**

Before the Court is Defendant's Motion for Summary Judgment. [Doc. No. 28]. According to the pleadings, Plaintiff, Martha Cruz ("Cruz" or "Plaintiff"), is a former employee of the Defendant, Texas Health and Human Services Commission ("HHSC" or "Defendant"). Cruz worked for HHSC for more than twenty years. Throughout her time, she received multiple promotions, eventually holding the position of MEPD MES Worker III. Her work responsibilities in this position included performing case reviews to determine the validity and accuracy of Medicaid eligibility determinations made by other staff, actually performing Medicaid eligibility determinations, and completing formal reports and narratives for management. Thus, in addition to handling her own case work, Cruz supervised the case work of employees below her.

Cruz's specific job responsibilities at issue in this case are related to the preparation of Form H1217s. A Form H1217 is a Medicaid eligibility case reading checklist. It provides a way for the State of Texas to monitor and verify the accuracy of its Medicaid distributions. As an

1

MES Worker III, Cruz not only had to fill out Form H1217s related to her own cases, she also had to assist and monitor workers that she supervised in their submission of Form H1217s. Before submitting the Form H1217s, employees are required to correct any casereading errors that may appear on the forms. By submitting the forms, the employees assert that they have made such corrections as necessary.

While employed by the Defendant, Cruz was diagnosed with menopause, which caused her to suffer from depression, crying spells, hot flashes, and sleeplessness. Shortly after, Cruz sought sick leave for a medical procedure. After the procedure, Cruz began to take many more sick days. As a result, the Defendant asked Cruz to request leave through the Family Medical Leave Act ("FMLA"). After initial hesitation, Cruz eventually applied for and received FMLA leave.

Sometime after Cruz received approval for FMLA leave, the Defendant discovered that one of the workers Cruz supervised had submitted a Form H1217 without making corrections for errors. When asked about the errors, the employee allegedly told the supervisor that she was instructed by the Plaintiff to sign and submit the forms without correcting casereading errors. This spurned an investigation by the Defendant into the Plaintiff's handling of Form H1217s. The investigation allegedly revealed that the Plaintiff had been submitting Form H1217s without making corrections, despite signing the forms in a way that claimed such corrections had been made.

As a result of the investigation's alleged results, the Defendant held a series of meetings with the Plaintiff to discuss what action to take in response to their findings. According to Cruz, the Defendant eventually gave the Plaintiff the choice of retiring or being fired. The Defendant, on the other hand, contends that it was still investigating Cruz and had not made a decision on

whether Cruz would be fired. Nevertheless, allegedly faced with these options, the Plaintiff retired. She, however, made clear she was retiring only to avoid being fired. [Pl.'s Ex. 13].

After retiring, the Plaintiff sued the Defendant, asserting three causes of action. First, the Plaintiff claims that the Defendant retaliated against her for taking FMLA leave in violation of the FMLA. Second, the Plaintiff asserts that the Defendant's actions constituted intentional infliction of emotional distress. Last, the Plaintiff has brought a claim for age discrimination against the Defendant under Texas law, asserting that the Defendant constructively discharged her because of her age.

The Defendant has moved for summary judgment on each of the Plaintiff's three claims. For the following reasons, the Court grants summary judgment against Plaintiff's FMLA and intentional infliction of emotional distress claims. The Court, however, denies summary judgment on Plaintiff's age discrimination claim because fact issues exist as to whether Defendant's proffered reason for firing the Plaintiff was merely a pretext for age discrimination.

## II

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010)). But "[s]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

### A. Sovereign Immunity Bars Plaintiff's FMLA Claim.

The Court first addresses Plaintiff's FMLA claim. The statutory basis for Plaintiff's FMLA claim is 29 U.S.C. § 2612(a)(1)(D) of the FMLA, which states that an employee is entitled to leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." Courts commonly refer to this section as the "self-care" provision of the FMLA. *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 321 (5th Cir. 2008).

Plainly stated, sovereign immunity bars Plaintiff's FMLA claim. The United States Supreme Court has explicitly held that Eleventh Amendment sovereign immunity protects the States from lawsuits for monetary damages based on the self-care provision. *Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 44 (2012); *see also Nelson*, 535 F.3d at 321. A federal court lacks subject matter jurisdiction to adjudicate a claim that is barred by Eleventh Amendment sovereign immunity. *Bodin v. Vagshenian,* 462 F.3d 481, 484 (5th Cir. 2006) (holding that a lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction"). Consequently, this Court lacks subject matter jurisdiction to hear Plaintiff's FLMA claims because Defendant is an agency of the State of Texas, and sovereign immunity protects the Defendant from such claims.

Plaintiff has argued that sovereign immunity does not completely bar her FMLA claim because she seeks injunctive relief via the form of reinstatement in addition to monetary damages. [Doc. No. 70 at 11]. She argues that the *Ex Parte Young* exception to sovereign immunity applies in this case and saves her claim for reinstatement. [*Id.*]. In general, a claim for reinstatement under the FMLA could fall within the *Ex Parte Young* exception. *Nelson*, 535 F.3d at 324. Plaintiff's argument, however, fails for two reasons.

First, the *Ex Parte Young* exception only applies when the plaintiff has brought a claim against state employees acting in their official capacity. *See Raj v. La. State. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). Consequently, the exception does not apply when the plaintiff has brought a claim against the state agency itself. *Bryant v. Tex. Dept. of Aging and Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015). In this case, Plaintiff has sued only the HHSC. She has sued a state agency instead of a state employee. Therefore, the *Ex Parte Young* exception does not apply.

Secondly, Plaintiff did not plead for injunctive relief in the form of reinstatement for violations of the FMLA. The only injunctive relief Plaintiff has pleaded for is to "[p]rohibit by injunction the Defendant from engaging in unlawful employment practices as defined in the Texas Labor Code." [Doc. No. 1-3, Pet. at 7.]. Plaintiff has waived any alleged claim for reinstatement in compliance with FMLA law by failing to plead it. The only FMLA relief Plaintiff has pleaded is asserted against the state agency, HHSC, for monetary damages. Sovereign immunity bars such claims. Therefore, the Court grants summary judgment against Plaintiff's FMLA claims on the basis of sovereign immunity.

**B. Sovereign Immunity Bars Plaintiff's Intentional Infliction of Emotional Distress Claim.**

Plaintiff has alleged that the Defendant intentionally or recklessly forced her to retire with false accusations of wrongdoing and that Defendant's conduct was extreme and outrageous and proximately caused her severe emotional distress. She brings her intentional infliction of emotional distress claim under Texas state law. As a general rule, "the State, its agencies and political subdivisions are immune from tort liability based on the doctrine of sovereign immunity." *Travis v. City of Mesquite*, 830 S.W.2d 94, 104 (Tex. 1992); *see also Torres v.*

*County of Webb*, 150 Fed. Appx. 286, 290 (5th Cir. 2005). Thus, the Defendant enjoys absolute immunity from tort liability absent a specific waiver of such immunity. *Id.*

The most common waiver of sovereign immunity under Texas law is found in the Texas Tort Claims Act. *See Kerrville State Hosp. v. Clark*, 923 S.W.3d 582, 584 (Tex. 1996). The Act, however, specifically exempts claims arising out of intentional torts. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2). Intentional infliction of emotional distress is by definition an intentional tort. *See Stinson v. Fontenot*, 435 S.W.3d 793, 793 (Tex. 2014). As a result, sovereign immunity still bars intentional torts claims brought against Texas governmental agencies. Plaintiff has pointed to no other statute or basis of law to support a waiver of sovereign immunity. Thus, as Plaintiff's claim for intentional infliction of emotional distress is an intentional tort brought against a Texas governmental agency, sovereign immunity bars her claim. Therefore, the Court grants summary judgment against Plaintiff's intentional infliction of emotional distress claim on the basis of sovereign immunity.

### C. A Fact Question Exists as to Whether Defendant's Proffered Reason for Its Alleged Adverse Action to Plaintiff was a Pretext for Age Discrimination.

Plaintiff brings her claim for age discrimination under the Texas Labor Code. Tex. Lab. Code Ann. § 27.051. Courts use the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) to analyze a case of age discrimination. Furthermore, Texas courts look to federal caselaw for guidance on how to interpret and apply the Texas age discrimination statute due to its similarity to the federal age discrimination statute. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633 (Tex. 2012). The framework first requires the plaintiff to establish a *prima facie* case of discrimination. *Id.* at 634. If the plaintiff can establish a *prima facie* case, then a presumption of discrimination arises. *Id.* The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the

adverse employment action. *McDonnel Douglas Corp.*, 411 U.S. at 802. If the employer meets this burden, the presumption of discrimination disappears, and the employee must prove (or in the summary judgment context, raise a genuine issue of material fact) that the employer's proffered reason was merely a pretext for discrimination. *Id.* at 804. To establish a *prima facie* case of age discrimination, the plaintiff must demonstrate: (1) she was a member of the protected class; (2) she was qualified for the employment position; (3) she was terminated by her employer; and (4) she was replaced by someone younger. *Mission*, 372 S.W.3d at 642.[1]

The plaintiff has easily established the first element of a *prima facie* case of discrimination. Under state law, the protected class for age discrimination claims consists of those 40 years of age and older. Tex. Lab. Code Ann. § 21.101. Plaintiff is 60 years old and well within the protected class for age discrimination claims.

Defendant has not adamantly challenged the second element of the *prima facie* case of discrimination, which requires the Plaintiff to be qualified for the employment position from which she was removed. Additionally, Plaintiff has attached positive reviews she received while working in the MS-III position. Therefore, the Court finds that Plaintiff has produced evidence supporting that she was qualified for her employment position.

Defendant does, however, contend that Plaintiff cannot satisfy the third element of a *prima facie* case of discrimination because she was not fired; she retired. In response, Plaintiff argues that she was constructively discharged from her position since she retired only because

---

[1]Defendant's brief asserts a different fourth element to establish a *prima facie* case of discrimination. Defendant claims the fourth element is that the plaintiff was treated less favorably than similarly situated members who were not members of the plaintiff's protected class. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). The Supreme Court of Texas, however, has distinguished the *AutoZone* elements in *Mission*, an opinion issued four years after *AutoZone*. In *Mission*, the Court held that in a true replacement age discrimination case, the proper fourth element to establish a *prima facie* case of discrimination is that the plaintiff was replaced by someone younger. *Mission*, 372 S.W.3d at 642. Since this is a case where plaintiff was replaced, the Court uses the four elements articulated in *Mission*. Nevertheless, even if this Court addressed the question of "less favorable treatment," it would find that the Plaintiff has raised an issue of material fact.

she would have been fired if she had not retired. Constructive discharge can serve as a legal substitute for the discharge element of a *prima facie* case of discrimination. *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 194 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Hammond v. Katy Indep. Sch. Dist.*, 821 S.W.2d 174, 177 (Tex. App.—Houston [14th Dist.] 1991, no writ)). A constructive discharge occurs when an employer makes conditions so intolerable that an employee reasonably feels compelled to resign. *Id.*; *see Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990). This Court considers the following factors relevant, singly or in combination, when determining if a constructive discharge has occurred:

> (1) [D]emotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger [or less experienced/qualified] supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) **offers of early retirement** [or continued employment on terms less favorable than the employee's former status].

*Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (citations omitted and second alteration in original) (emphasis added). The test that Plaintiff must meet is an objective, "reasonable employee" test: whether a reasonable person in the plaintiff's shoes would have felt compelled to resign. *Barrow v. New Orleans S.S. Ass'n,* 10 F.3d 292, 297 n. 19 (5th Cir. 1994). Aggravating factors used to support constructive discharge include hostile working conditions or the employer's invidious intent to create or perpetuate the intolerable conditions compelling the resignation. *Jurgens,* 903 F.2d at 393 n. 10; *see also Brown,* 237 F.3d at 566 (noting that "[d]iscrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge"). The resigning employee bears the burden to prove constructive discharge. *Jurgens,* 903 F.2d at 390–91.

Here, Plaintiff has provided evidence that she was given the choice of retiring or being fired if she stayed. [Pl.'s Ex. 7, 13]. Plaintiff produced evidence showing that if she had not

retired, she would be fired. [Pl.'s Ex. 7, 13]. Given that offers of early retirement qualify as evidence of a constructive discharge, the Court holds that Plaintiff has produced evidence sufficient to raise a fact issue as to the discharge element.

Regarding the fourth element of a *prima facie* case of discrimination, Plaintiff must produce evidence that she was replaced by someone younger. The Fifth Circuit has modified this element such that a plaintiff could establish a *prima facie* case of age discrimination by producing evidence that he was (a) replaced by someone outside the protected class, (b) replaced by someone younger, or (c) otherwise discharged because of age. *Elliott v. Grp. Med. & Surgical Serv.,* 714 F.2d 556, 565 (5th Cir. 1983). Here, Plaintiff was replaced by Corina Herrera, who is 45 years old. While her replacement was still a part of Plaintiff's protected class since she was older than 40, her replacement was nonetheless fifteen years younger than plaintiff.

The Fifth Circuit has not settled on a standard for what age difference qualifies as "substantially younger" such that an inference of age discrimination may be made to establish a *prima facie* case. *Flanner v. Chase Inv. Servs. Corp.*, 600 Fed. Appx. 914, 920 (5th Cir. 2015). It has held that a four-year difference does not satisfy the fourth element, a five-year difference is a close call, and a twenty-seven-year difference clearly satisfies the fourth element. *Earle v. Aramark Corp.*, 247 Fed. Appx. 519, 523 (5th Cir. 2007) (four-year difference); *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 313 (5th Cir. 2004) (five-year difference); *Flanner*, 600 Fed. Appx. at 919 (twenty-seven-year difference). Among sister circuits, however, age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth element of a *prima facie* case age discrimination. *Grosjean v. First Energy Corp.,* 349 F.3d 332, 340 (6th Cir. 2003) (citing thirty-four cases from nine different circuits in which

an age difference of ten years satisfied the fourth element needed to make a *prima facie* case of discrimination).

The age difference between the Plaintiff in this case and her replacement was 15 years. This is ten years greater than the age difference that the Fifth Circuit considers to be a close call as to whether it establishes the fourth element of a *prima facie* case of age discrimination (five years). The difference is also five years greater than the difference that nearly all other circuits consider satisfactory (ten years). For these reasons, the Court holds that Plaintiff has produced evidence sufficient to raise a fact issue as to the fourth element of a *prima facie* case of age discrimination.

Consequently, Plaintiff has produced evidence to support each of the four elements necessary to make a *prima facie* case of age discrimination. In turn, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnel Douglas Corp.*, 411 U.S. at 802. To meet this burden, Defendant claims that if it treated Plaintiff adversely, it did so because Plaintiff allegedly submitted false Form H1217s and instructed employees that she supervised to also incorrectly submit Form H1217s. While other workers may have incorrectly filled out Form H1217s at various times, Defendant claims that Cruz was the only worker who intentionally submitted false forms and the only employee who, as a supervisor, instructed other employees to submit false forms. Furthermore, the Defendant produced evidence that Plaintiff received training on the gravity of falsifying Form H1217s and, therefore, claims that Plaintiff knew she should not have been submitting false forms.

If the "employer produces any evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action, then the employer

has satisfied its burden of production." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). If it is true that Defendant allegedly threatened to fire Plaintiff for intentionally falsifying Medicaid forms and instructing other employees to falsify Medicaid forms, then such a reason is a non-discriminatory reason for the adverse action toward Plaintiff. The reason was unrelated to Plaintiff's age. Thus, the Court holds that Defendant has articulated a legitimate, non-discriminatory reason for its adverse employment action against the Plaintiff.

By meeting its burden, Defendant has produced evidence to rebut Plaintiff's *prima facie* case of discrimination. Thus, the presumption of age discrimination disappears, and Plaintiff must provide evidence that the employer's proffered reason was merely pretext for discrimination. *McDonnel Douglas Corp.*, 411 U.S. at 802. Plaintiff does this by "showing that the employer's proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citing *Tex. Dept. of Comm. Affairs v. Burdine,* 450 U.S. 248, 256 (1981)). Moreover, although the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production, *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511 (1993), the trier of fact may still consider the evidence establishing the plaintiff's prima facie case "and inferences properly drawn therefrom…on the issue of whether the defendant's explanation is pretextual," *Burdine,* 450 U.S. at 255 n. 10. One way to prove that Defendant's proffered reason is not worthy of credence is to provide evidence that shows Defendant's proffered reason is false. *See Reeves*, 530 U.S. at 147-48. As the United States Supreme Court has stated,

> The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination.

*St. Mary's Honor Ctr.*, 509 U.S. at 511 (emphasis in original). In response to Defendant's proffered reason, Plaintiff claims that she submitted the forms the way she did and directed those she supervised the way she did because her superiors instructed her that this was the way to fill out the forms. She claims her supervisors told her she could submit the forms without making corrections and then later go back and make any corrections that needed to be made. Naturally, the Defendant claims that no such thing happened and points to evidence that Plaintiff attended training seminars where she learned her method was the wrong way to submit the forms. Nevertheless, given this competing evidence, this Court is faced with a fact issue on whether Defendant's proffered reason is a pretext for firing Plaintiff for her age. If Plaintiff's version of the facts is true, then she was merely doing her job as Defendant instructed her to do it, and Defendant's proffered reason for firing her is false. If Defendant's version of the facts is true, then Defendant had a legitimate, non-discriminatory reason for firing Plaintiff. When there is a fact issue on pretext, summary judgment is improper, and the question should be submitted to the jury for resolution. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001).

The Court holds that Plaintiff has submitted enough evidence to create a fact issue on her age discrimination claim. Therefore, the Court denies summary judgment as to Plaintiff's age discrimination claim.

## III

The Court grants Defendant's Motion for Summary Judgment in part and denies it in part. [Doc. No. 28]. Summary judgment is granted as to Plaintiff's FMLA claim and intentional infliction of emotional distress claim because the Defendant has sovereign immunity from such claims. Summary judgment is denied as to Plaintiff's age discrimination claim because of the presence of genuine issues of material fact.

Also before the Court is Plaintiff's Notice of Partial Voluntary Dismissal [Doc. No. 67] and Plaintiff's Opposed Motion to Remand [Doc. No. 72]. In compliance with Rule 41 of the Federal Rules of Civil Procedure, the Court denies Plaintiff's Notice of Partial Voluntary Dismissal. Fed R. Civ. P. 41(a); [Doc. No. 67]. Additionally, the Court exercises its discretion and retains supplemental jurisdiction over Plaintiff's remaining Texas age discrimination claim, which has fact issues that need to be resolved. 28 U.S.C. § 1367(c). Therefore, the Court denies Plaintiff's Opposed Motion to Remand. [Doc. No. 72].

Signed this 22nd day of August, 2017.

Andrew S. Hanen
United States District Judge